IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01740-PAB-STV

NATHAN AND SONS, LLC, a Wyoming limited liability company,

Plaintiff,

v.

LARINE, LLC, a Delaware limited liability company, as successor by merger to Strategic Nexus, LLC, a New Jersey limited liability company,

Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Opposed Motion to Transfer or Dismiss [Docket No. 30] and the Joint Stipulation to Transfer to the Southern District of Texas [Docket No. 33]. Plaintiff and defendant ask that the Court transfer this case to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a).[1] Docket No. 33 at 1-2.

On April 23, 2024, plaintiff filed this lawsuit, bringing claims for copyright infringement, false advertising, unfair competition, and deceptive trade practices. Docket No. 1 at 7-10, ¶¶ 41-63. On September 15, 2026, defendant filed a motion to transfer or dismiss the case, asserting that the Court does not have personal jurisdiction

[1] The parties state that they "stipulate under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Southern District of Texas, Houston Division." Docket No. 33 at 1. However, 28 U.S.C. § 1404(a) does not state that parties may stipulate to transfer a case; rather, it states that a district court may, in its discretion, transfer a civil action to any district to which all parties have consented.

over defendant. Docket No. 30. Plaintiff opposed the motion. Docket No. 31. However, on October 26, 2026, the parties filed a joint stipulation stating that plaintiff no longer opposes transferring this case to the United States District Court for the Southern District of Texas, Houston Division. Docket No. 33. Defendant states that it is subject to personal jurisdiction in the Southern District of Texas. Docket No. 30 at 7.

Section 1404(a) of Title 28 provides, in pertinent part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division . . . to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To warrant a transfer, the moving party must establish that: "(1) the action could have been brought in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum." *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)).

The Court is satisfied that this action could have been brought in the Southern District of Texas.[2] *See* Docket No. 33 at 1; *Olivares v. C.R. England, Inc.*, 2022 WL 3025974, at *2 (D. Utah Aug. 1, 2022) ("It is well settled that a party can consent to the

---

[2] Defendant asserts that it is subject to personal jurisdiction in the Southern District of Texas because defendant is "located" in Texas. Docket No. 30 at 7. Defendant does not, however, specify what being "located" in Texas entails.

personal jurisdiction of a court."); *United States v. Vreeken*, 803 F.2d 1085, 1089 (10th Cir. 1986) (same). Moreover, the existing forum is inconvenient due to the likelihood that there is no personal jurisdiction over defendant in this forum. *See* Docket No. 30. Finally, the interests of justice are better served in the alternate forum because, in the absence of jurisdictional concerns, there is a higher chance that plaintiff's claims will be heard on the merits. The Court will grant the motion to transfer.

Accordingly, it is

**ORDERED** that Defendant's Opposed Motion to Transfer or Dismiss [Docket No. 30] is **GRANTED in part**. It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this action shall be transferred to the United States District Court for the Southern District of Texas, Houston Division.

DATED November 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge